UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

B.A.R.-M.M.P., INC.                                CIVIL ACTION

Versus                                             NO: 11-753

REGIONAL LOAN CORP., ET AL.                        SECTION: "F"

ORDER & REASONS

Before the Court is the Louisiana Economic Development Office's motion to dismiss. For the reasons that follow, the motion is GRANTED.

## I. Background

This case involves alleged racial discrimination in the decision to deny plaintiff B.A.R.-M.M.P. Inc.'s application for a small business loan.

Plaintiff asserts that defendant Regional Loan Corporation was responsible for the disbursement of loans to qualified businesses from money given to the State of Louisiana by the United States Department of Housing and Urban Development. Plaintiff contends that Regional Loan Corporation denied its application for a small business loan because plaintiff is an African-American owned company; plaintiff complains that other similarly situated businesses, owned by whites, received loan funds.

Plaintiff sued several defendants, including Regional Loan Corporation, the New Orleans Regional Business Development

1

Corporation, employees of those entities in their professional capacity, the United States Department of Housing and Urban Development, the Louisiana Economic Development Office, and the City of New Orleans. The plaintiff asserts that these entities either participated in racial discrimination, or failed to properly monitor the loan approval process or take corrective action, and thereby allowed the discrimination to take place.

The Louisiana Economic Development Office moves the Court to dismiss, arguing that as an arm of the State of Louisiana, it enjoys sovereign immunity from suit in federal court pursuant to the Eleventh Amendment of the U.S. Constitution. The Court agrees.

## II. Discussion

Under the Eleventh Amendment to the U.S. Constitution, it is academic that a citizen of a state cannot sue that state in federal court unless the state has waived its sovereign immunity. See Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002). Defendant points to La. R.S. 13:5106(A) as evidence that Louisiana has not waived its state sovereign immunity.[1] Plaintiff does not dispute this.

The defendant further contends that 42 U.S.C. Section 1983

---

[1] The statute states, "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."

(plaintiff's cause of action) does not abrogate state sovereign immunity.  Cozzo, 279 F.3d 281.  Plaintiff does not dispute this either.

Accordingly, IT IS ORDERED: the defendant's motion to dismiss is GRANTED.

New Orleans, Louisiana, November 21, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

3